STATE of Missouri, Respondent,

v.

Webster Cornellious DIXON, Appellant.

No. KCD 29585.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Jerry W. Venters, Public Defender, Jefferson City, for appellant.

John D. Ashcroft, Atty. Gen., Carson Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Webster Dixon was charged with murder in the second degree but convicted of manslaughter. He was sentenced to ten years imprisonment under the Second Offender Act.

On appeal Dixon complains of the venue and the giving of an instruction on manslaughter. Affirmed.

Dixon and James Hubbard were both inmates in the state penitentiary. Dixon was seen striking Hubbard in the head with a golf club in a TV room. Hubbard later died from wounds which were stated to be consistent with blows to the head by a golf club.

■ Dixon first challenges the venue by stating Hubbard died in the University of Missouri Medical Center in Boone County and the case should, therefore, have been tried there. However, in his brief Dixon concedes under § 541.033, RSMo 1969, venue was proper in Cole County because the offense was committed there. Dixon is correct since the assault occurred in Cole County which produced the wounds of which Hubbard later died.

■ Dixon next contends the court erred in giving an instruction on manslaughter. He concedes that under MAI–CR 6.02, Notes on Use, note 6 requires the court to give a manslaughter instruction if the pleadings and evidence warrant submission of second degree murder. See State v. Stapleton, 518 S.W.2d 292 (Mo.banc 1975). However, Dixon argues Stapleton was a circumstantial evidence case and questions whether the automatic submission of manslaughter when second degree murder is submitted is applicable in a direct evidence case.

This court in State v. Wood, 531 S.W.2d 543 (Mo.App.1975) fully discussed the applicability of the automatic submission of a manslaughter instruction in a direct evidence case. Further discussion would serve no useful purpose. The manslaughter instruction was required by MAI–CR 6.02, note 6, and, therefore, was properly given.

The judgment is affirmed.

All concur.